1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7                     FOR THE EASTERN DISTRICT OF CALIFORNIA

8   PENNY ARNOLD,

9           Plaintiff,                         CIV. NO. S-10-3119 KJM GGH PS

10          vs.

11  COUNTY OF EL DORADO, et al.,
                                               STATUS (PRETRIAL
12          Defendant.                         SCHEDULING) ORDER

13  _____/

14          Defendants' second motion to dismiss was tentatively resolved on November 17,

15  2011.  Therefore, this case will be scheduled.  Accordingly, the court makes the following

16  findings and orders:

17  SERVICE OF PROCESS

18          All defendants have been served and no further service is permitted except with

19  leave of court, good cause having been shown.

20  JOINDER OF PARTIES/AMENDMENTS

21          No further joinder of parties or amendments to pleadings is permitted except with

22  leave of court, good cause having been shown.

23  JURISDICTION/VENUE

24          Jurisdiction is undisputed and is hereby found to be proper, as is venue.

25  \\\\

26  \\\\

1

MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by June 28, 2012.  The word "completed" in this context means that all law and motion matters must be heard by the above date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth supra.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

All discovery is left open, save and except that it shall be so conducted as to be completed by May 17, 2012.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the

1  undersigned's calendar in accordance with the local rules of this court and so that such motions

2  will be heard not later than May 3, 2012.

3  EXPERT DISCLOSURE

4         All counsel (and/or pro se parties) are to designate in writing and file with the

5  court, and serve upon all other parties, the names of all experts that they propose to tender at trial

6  not later than April 5, 2012.  An expert witness not appearing on said lists will not be permitted

7  to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness

8  could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and

9  opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness

10  was promptly proffered for deposition.  Failure to provide the information required along with

11  the expert designation may lead to preclusion of the expert's testimony or other appropriate

12  sanctions.

13         For the purposes of this scheduling order, experts are defined as "percipient" and

14  designated experts.  Both types of experts shall be listed.  Percipient experts are persons who,

15  because of their expertise, have rendered expert opinions in the normal course of their work

16  duties or observations pertinent to the issues in the case.  Another term for their opinions are

17  "historical opinions."  Percipient experts are experts who, unless also designated as retained

18  experts, are limited to testifying to their historical opinions and the reasons for them.  That is,

19  they may be asked to testify to their opinions given in the past and the whys and wherefores

20  concerning the development of that opinion.  However, they may not be asked to render a current

21  opinion for the purposes of the litigation.

22         Retained experts, who may be percipient experts as well, are specifically

23  designated by a party to be a testifying expert for the purposes of the litigation.  The retained

24  Rule 26 expert may express opinions formed for the purposes of the litigation.[1]  A party

25  _____

26         [1]Retained experts may, or may not, be paid for their services.  The critical distinction between percipient and retained experts is that the retained expert will have gathered information during the

1  designating a retained expert will be assumed to have acquired the express permission of the

2  witness to be so listed. [2]

3          The parties shall comply with the information disclosure provisions of Fed. R.

4  Civ. P. 26 (a)(2) (B) for any expert, who is in whole or in part designated as a *retained* expert.

5  This information is due at the time of designation.  Failure to supply the required information

6  may result in the striking of the retained expert.  No reports are necessary for purely percipient

7  experts.  Retained experts are to be fully prepared to render an informed opinion at the time of

8  *designation* so that they may fully participate in any deposition taken by the opposing party.

9  Retained experts will not be permitted to testify at trial as to any information gathered or

10  evaluated, or opinion formed, which should have been reasonably available at the time of

11  designation.  The court will closely scrutinize for discovery abuse deposition opinions which

12  differ markedly in nature and/or in bases from those expressed in the mandatory information

13  disclosure.

14  FINAL PRETRIAL STATEMENTS AND CONFERENCE

15          The Final Pretrial Conference is set in courtroom #3 of the Honorable Kimberly J.

16  Mueller on August 15, 2012, at 11:00 a.m.  Counsel are cautioned that counsel appearing for

17  Pretrial will in fact try the matter.

18  \\\\

19

---

20  course of the litigation *for the purpose of rendering an opinion on a disputed fact in the litigation*.
   Percipient experts are limited to the information available at the time their historical opinions were
21  given.  For example, a physician whose only contact with the litigation the was the treatment of a
   party prior to the commencement of litigation, or even after commencement, and whose only purpose
22  was to treat the party, is a percipient expert.  This doctor may have issued an opinion in the medical
   records, but he is not retained for the purpose of the litigation.  However, that same doctor, if asked
23  by a party to render an opinion for the purpose of litigation, over and above any historically rendered
   opinions, is a retained expert.  See Goodman v. Staples The Office Superstore LLC, 644 F.3d 817
24  (9th Cir. 2011) (holding percipient treating physician who transforms into expert witness must
   comply with Fed. R. Civ. P. 26(a)(2), and clarifying when such transformation takes place).

25

26          [2]  The court is not interested in a designation of non-testifying Rule 26 experts, i.e., non-
   testifying consultants.

1    All parties are to be fully prepared for trial at the time of the Pretrial Conference,

2    with no matters remaining to be accomplished except production of witnesses for oral testimony.

3    Counsel are referred to Local Rules 281 and 282 relating to the contents of and time for filing

4    Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL

5    BE GROUNDS FOR SANCTIONS.

6    Notwithstanding the provisions of Local Rule 281, which contemplates the filing

7    of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a <u>JOINT</u>

8    <u>STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  <u>See</u>

9    Local Rule 281(b)(3), (4), and (6).  The undisputed facts and disputed factual issues are to be set

10   forth in two separate sections.  The parties should identify those facts which are relevant to each

11   separate cause of action.  In this regard, the parties are to number each individual fact or factual

12   issue.  Where the parties are unable to agree as to what factual issues are properly before the

13   court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES"

14   all issues asserted by any of the parties and explain by parenthetical the controversy concerning

15   each issue.  The parties should keep in mind that, in general, each fact should relate or

16   correspond to an element of the relevant cause of action.  The parties should also keep in mind

17   that the purpose of listing the disputed factual issues is to apprise the court and all parties about

18   the precise <u>issues</u> that will be litigated at trial.  <u>The court is not interested in a listing of all</u>

19   <u>evidentiary facts underlying the issues that are in dispute.</u>[3]  The joint statement of undisputed

20   facts and disputed factual issues is to be filed with the court concurrently with the filing of

21   _____

22   [3] For example, and simplistically, if the claim to be adjudicated involved a traffic accident,
     the disputed factual issues might be: whether defendant negligently drove his vehicle through the

23   intersection by reason of failing to observe traffic signals; whether such  negligence caused the
     accident involving plaintiff, whether plaintiff's actions (being distracted) contributed to the accident;

24   whether plaintiff suffered injury and damages as a result of the accident [perhaps breaking out
     specific injuries and damages].  It would be inappropriate and unhelpful to list myriad evidentiary

25   facts in dispute– whether the light had turned yellow at the time defendant's vehicle approached the
     intersection, whether defendants' skid marks were 30 feet long,  whether plaintiff was distracted by

26   use of a cell phone, and so forth. However, with respect to the listing of <u>un</u>disputed facts, the court
     will accept agreements as to evidentiary facts.

1   plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the
2   jury.

3              Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in
4   their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no
5   matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but
6   shall be attached as separate documents to be used as addenda to the Final Pretrial Order.
7   Plaintiff's exhibits shall be listed <u>numerically</u>; defendant's exhibits shall be listed <u>alphabetically</u>.
8   The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at
9   trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly
10  applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to
11  call or use will be viewed as an abuse of the court's processes.

12             Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty
13  at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the
14  elimination of frivolous claims or defenses; (b) settling of facts which should be properly
15  admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must
16  prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with
17  these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF
18  SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of
19  claims or defenses, or such other sanctions as the court deems appropriate.

20  <u>TRIAL SETTING</u>

21             Trial is set for October 1, 2012 at 9:00 a.m. in Courtroom No. #3 before the
22  Honorable Kimberly J. Mueller.  Trial will be by jury.  The court expects the trial will take
23  approximately four days.

24  <u>SETTLEMENT CONFERENCE</u>

25             A Settlement Conference will be set at the time of the Pretrial Conference.

26  \\\\

MISCELLANEOUS PROVISIONS

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

IT IS SO ORDERED.

Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1.    The parties may conduct discovery until May 17, 2012.  Motions to compel discovery are to be noticed to be heard by May 3, 2012, as more specifically described in this order.

2.    The parties shall disclose experts, as described herein, by April 5, 2012.

3.    All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before June 28, 2012.

4.    Pretrial Conference (as described in Local Rule 282) is set in this case for August 15, 2012 at 11:00 a.m.  Pretrial statements shall be filed in accord with Local Rules 281 and 282.

5.    This matter is set for jury trial on October 1, 2012, at 9:00 a.m.

DATED: November 21, 2011

                              /s/ Gregory G. Hollows
                         UNITED STATES MAGISTRATE JUDGE

GGH:076
Arnold3119.so.wpd

7