1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PENNY ARNOLD,

11              Plaintiff,                    CIV. NO. S-10-3119 KJM GGH PS

12        vs.

13   COUNTY OF EL DORADO, et al.,

14              Defendants.                   FINDINGS AND RECOMMENDATIONS
     _____/

15

16            This action, in which plaintiff is proceeding pro se, has been referred to the

17   undersigned pursuant to E.D. Cal. L.R. 302(c)(21).  Previously pending on this court's law and

18   motion calendar for November 17, 2011, was defendants' motion to dismiss the first, second, and

19   third causes of action in the second amended complaint, and to strike certain allegations, filed

20   October 7, 2011.  Plaintiff has filed an opposition, to which defendants have filed a reply.

21   Plaintiff appeared in pro se.  Defendants were represented by Andrew Caulfield.

22            Upon review of the motion, the documents in support, and the opposition, and

23   good cause appearing therefor, THE COURT FINDS AS FOLLOWS.

24   BACKGROUND

25            Plaintiff brings this action against El Dorado County and two deputy sheriffs, Ken

26   Brown and Scott Crawford, in regard to their treatment of her during two visits to the El Dorado

                                              1

County courthouse.  Before the court is the second amended complaint, filed September 26, 2011.  Plaintiff alleges that these deputies "wrongfully detained [her], utilized excessive physical violence and force upon her in a public place, battered her, permanently injured her, and arrested her in violation of her rights as guaranteed her by the United States Constitution, federal civil rights laws, and California law."  (SAC ¶ 1.)  Plaintiff seeks compensatory and punitive damages.

In findings and recommendations which were later adopted by the district court, the undersigned recommended that all claims of unlawful arrest should be dismissed with prejudice based on absolute quasi-judicial immunity, and that the <u>Monell</u> claims as alleged in the first and third causes of action should be dismissed with leave to amend to state more than mere conclusions.  Plaintiff has filed a second amended complaint which defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and to strike certain allegations pursuant to Rule 12(f),[1] asserting that the SAC has simply removed the term, "wrongful arrest" and replaced it with "wrongful seizure" which has essentially the same meaning.  Defendants seek to dismiss and to strike any claims for wrongful seizure or wrongful arrest.  They also move to dismiss any <u>Monell</u> claims based on wrongful seizure or arrest and to strike such allegations.  In opposition, plaintiff asserts that she removed all references to "wrongful arrest," in her SAC, just as the court directed.  Plaintiff also points out that between the filing of the first and second amended complaint, Judge Wagoner was admonished by the Commission on Judicial Performance for wrongfully persecuting plaintiff.  (Opp. at 3.)

<u>DISCUSSION</u>

I. <u>Legal Standards</u>

A.  <u>Motion to Dismiss</u>

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

---

[1] Defendants do not move to dismiss the fourth and fifth causes of action.

it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

B.  Motion to Strike

The Federal Rules of Civil Procedure provide that, upon its own motion or motion by a party, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

II.  Analysis

A.  Summary of Claims

The first cause of action is entitled "Unreasonable Seizure" and alleges that defendants Brown and Crawford wrongfully seized plaintiff in violation of the "Fourth through Fourteenth Amendment," and acted maliciously and recklessly in disregard of plaintiff's rights. (SAC ¶¶ 34, 37.)  It also alleges a pattern and practice by the County to ignore the rights of citizens to be free from seizures without just cause.  (Id. ¶ 35.)

The second cause of action is entitled "Unreasonable Seizure" and alleges violations of the state constitution and state law by defendants Brown and Crawford only, for physically battering plaintiff, handcuffing her, and forcibly detaining her "without probable cause or even reasonable suspicion..."  (Id. ¶ 40.)  Plaintiff alleges that these actions constituted unreasonable seizure and excessive force.  (Id. ¶ 41.)

The third cause of action is entitled "Unreasonable Seizure/Excessive Force" and is against the County for a pattern and practice of ignoring plaintiff's rights to be free from seizures of her person and property, and from physical battery.  This claim also names defendants Brown and Crawford for malicious and reckless conduct.

B.  References to Wrongful or Unreasonable Seizure

Defendants are correct in pointing out that the prior findings and recommendations recommended that all claims of unlawful arrest be dismissed with prejudice.

Although references to "unreasonable seizures" were not specifically dismissed, an unreasonable seizure is part and parcel of a wrongful arrest claim under the Fourth Amendment.  Therefore, all references to unreasonable or unlawful seizure, wrongful or unlawful detention, and arrest in violation of Constitutional rights, should be stricken.  The only exception is in regard to the second cause of action, discussed *infra*, where references to unreasonable seizure shall be construed as claims for excessive force, in accordance with the factual allegations.

The main difference between the first and third causes of action is the third cause of action's additional reference to excessive force, which is not alleged in the first cause of action.  Otherwise, both causes of action are essentially the same.  Since this court has already found no claim for unreasonable seizure, the first cause of action should be dismissed for this reason, and because it is duplicative of the third cause of action.

The second cause of action contains factual allegations supporting a claim of excessive force.  Therefore, all references to unreasonable seizure in this cause of action shall be construed instead as excessive force.

In addition to the aforementioned striking or construction of references to unlawful arrest, seizure, or detention in the first, second and third causes of action, the following references shall also be stricken from the SAC as follows:

Paragraph 1 - "wrongfully," as it describes detention should be stricken.  "[A]nd arrested her" should be stricken.

Paragraph 2 - "wrongfully," as used to describe detain, should be stricken.

Paragraph 18 - "unlawfully" as used to describe detain, should be stricken.

Paragraph 53 - "wrongful detention, and wrongful arrest" in the second sentence should be stricken.[2]

---

[2]  Defendants' motion is not addressed to the fourth and fifth causes of action, except to the extent that the fifth cause of action contains a reference to wrongful detention and wrongful arrest.

1    C.  Monell Liability

2    A Monell claim cannot be stated against the County, as attempted in the first

3    cause of action, for unreasonable seizure/arrest, because there is no way a county can control a

4    judge's facially valid order or the bailiffs' acts in enforcing the judge's order.  This is because

5    judges and court employees are state, not county, employees.  See Simmons v. Sacramento

6    County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (superior courts and their employees

7    are considered arms of the state for Eleventh Amendment purposes and are not liable under §

8    1983).  See also Doe v. McFaul, 599 F.Supp. 1421, 1432 (D.C. Ohio 1984) (reasoning that a

9    County "cannot be subject to liability for [its] failure to overrule, countermand, challenge, or

10   otherwise interfere with [a] Judge's [] facially valid order."  "The crucial factor is whether under

11   state law the acts in question were performed under the municipality's or the state's authority."

12   Eggar v. City of Livingston, 40 F.3d 312, 314 (9th Cir. 1994), citing Owens v. Fulton County,

13   877 F.2d 947, 952 (11th Cir.1989).  In Eggar, as in this case, the judge was performing a state

14   judicial function, and not acting as a decision maker for the city.  Id. at 314-15.

15
16        "[I]ndividuals sued in their official capacities stand in the shoes of
          the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th
17        Cir.2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105
          S.Ct. 3099, 87 L.Ed.2d 114 (1985)). "[O]fficial-capacity suits ...
18        represent only another way of pleading an action against an entity
          of which an officer is an agent." *Monell v. New York City Dep't of
19        Soc. Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d
          611 (1978); see also *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th
20        Cir.1994) ("A suit against an individual in his official capacity is
          the equivalent of a suit against the governmental entity.").

21   Everson v. Leis, 556 F.3d 484, 493 n. 3 (6th Cir. 2009).

22   Here, the judge acted on behalf of the state in issuing his orders, not on behalf of

23   the County.  As such, Judge Wagoner did not act as an agent for the County and did not stand in

24   the shoes of the County as he did not represent this entity.

25   As stated in the prior findings and recommendations, the carrying out of a facially

26   valid order in regard to the initial arrest is protected by quasi-judicial immunity.  Nevertheless,

6

1   the County cannot control the judge's order or the execution of it insofar as the arrest itself is

2   concerned, because these defendants are state actors.  The County has no authority to direct how

3   a judge's order will be framed, or to interfere with a judge's order directing the bailiffs to arrest

4   plaintiff.

5          The Monell claim with respect to excessive force is viewed differently, however.

6   Since the bailiffs are trained by the County, not the Judge, plaintiff may state a claim against the

7   County under Monell in regard to the use of excessive force only.  Plaintiff may proceed with the

8   third cause of action against the County, Brown, and Crawford, for excessive force only.  All

9   references in this cause of action to unreasonable seizure are stricken.[3]

10         One final point must be clarified.  In their motion and at hearing, defendants

11  argued that the first and second causes of action should be dismissed because plaintiff would

12  need to establish that there was no probable cause for her arrest, and this court already found that

13  there was probable cause for the arrest based on the judge's orders.  According to defendants,

14  where there is no underlying constitutional violation pursuant to the court's previous order, the

15  County cannot be subject to Monell liability.  Contrary to defendants' impression, the

16  undersigned previously found only that the judge and bailiffs were immune in regard to the

17  issuance of the orders and the arrest itself carried out in compliance with those orders, regardless

18  of whether there was probable cause.  This court made no finding as to the probable cause

19  underlying order itself, only that the order was issued in the judge's judicial capacity and that he

20  was not in excess of his jurisdiction.  See Findings and Recommendations, filed March 15, 2011,

21  at 10 n. 5 ("No inference should be drawn that the undersigned is ultimately finding the arrest

22  orders of the judges to be valid or invalid at this time.")  The finding was only that defendants

23  \\\\

24  \\\\

25  _____

26      [3] The County did not seek to dismiss the Monell claim based on excessive force.

were absolutely immune, and that the orders were "facially valid," and not so egregious or

outrageous that a bailiff would know he should not carry out the order.[4]

CONCLUSION

For the reasons stated herein, IT IS RECOMMENDED that:

1.  Defendants' motion to dismiss and to strike, filed on October 7, 2011, (dkt. #

17), be granted in part and denied in part as set forth herein, and specifically that the second

amended complaint proceed without further amendment, but with the following modifications:

a.  the first cause of action be dismissed;

b.  the second cause of action be construed to state a claim for excessive force

only;

c.  the third cause of action be construed to state a claim for excessive force only;

d.  All references to unreasonable or wrongful seizure or detention be stricken,

including the specific striking of certain terms as specified herein; and

e.  Plaintiff's <u>Monell</u> claim against the County proceed only in regard to plaintiff's

excessive force claim.

2.  Defendants file an answer to the Second Amended Complaint as modified by

these Findings and recommendations within fourteen days of an order adopting these findings

and recommendations.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

fourteen (14) days after being served with these findings and recommendations, any party may

file written objections with the court and serve a copy on all parties.  Such a document should be

---

[4] In its discussion, the court analogized the situation here to that of <u>Malley v. Briggs</u>, 475 U.S. 335, 106 S.Ct. 1092 (1986), in which a police officer seeks absolute or qualified immunity for executing a search warrant signed by a magistrate.  Only in situations where the warrant is not "facially valid," i.e., so deficient on its face that a reasonable police officer would know of its constitutional deficiencies, is an officer not permitted immunity.

1   captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the

2   objections shall be served and filed within seven (7) days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).[5]

5   DATED: November 23, 2011

                                                                    /s/ Gregory G. Hollows
6                                                        UNITED STATES MAGISTRATE JUDGE

7   GGH:076/Arnold3119.mtd2.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   _____

26        [5]The case has previously been otherwise scheduled.