IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PENNY ARNOLD,

    Plaintiff,                                CIV. NO. S-10-3119 KJM GGH PS

    vs.

COUNTY OF EL DORADO, et al.,

    Defendants.                           ORDER

_____/

        On February 16, 2012, the parties, by and through their counsel, were heard in connection with a motion to compel discovery and for protective order filed by defendants County of El Dorado, Ken Brown and Scott Crawford. Plaintiff appeared in pro se. Andrew Caulfield appeared on behalf of all defendants. After reviewing the motion, opposition and reply, and hearing oral argument, the court issues the following order.

BACKGROUND

        This action was filed on November 19, 2010. Plaintiff brings suit against El Dorado County and two deputy sheriffs, Ken Brown and Scott Crawford, in regard to their treatment of her during two visits to the El Dorado County courthouse.

        After various motions, the case is proceeding on the second amended complaint, but outstanding are this court's findings and recommendations, issued November 23, 2011,

1

1  recommending that the first claim be dismissed, that the second and third claims be construed to
2  state claims for excessive force only, that all references to unreasonable or wrongful seizure be
3  stricken, and that plaintiff's <u>Monell</u> claim against the County proceed only on the excessive force
4  claim.
5  <u>DISCUSSION</u>
6         Defendants seek an order compelling plaintiff to appear for her deposition on
7  February 20, 2012, that she appear without bodyguards or third parties, that she produce
8  responses to defendants' request for production of documents without objections within three
9  days of this order, and for monetary sanctions in the amount of $2,220.  At the hearing,
10 defendants added a request that plaintiff be required to produce initial disclosures in accordance
11 with Fed. R. Civ. P. 26(a).
12        Defendants demonstrate, without a contrary factual assertion by plaintiff, that they
13 have rescheduled plaintiff's deposition multiple times, but that after agreeing to a second
14 rescheduling they warned plaintiff that they would not agree to a third rescheduling.  Plaintiff
15 attempted to unilaterally reschedule a third time and then failed to appear at her January 24, 2012
16 deposition.  She also failed to produce documents by January 24, 2012, after being given multiple
17 extensions of time.
18        Plaintiff's declaration in opposition, filed January 30, 2012, states only that the
19 motion is moot because she agreed to appear at her deposition on February 3, 2012, and to bring
20 documents at that time.  As a result plaintiff requests that the court drop the matter from the
21 calendar.  Defendants dispute these statements, claiming that plaintiff made this statement
22 knowing it to be false, and that there was no agreement to take her deposition on February 3rd.
23 They therefore request terminating sanctions in addition to monetary sanctions.
24    I. <u>Deposition and Discovery Production</u>
25        Defendants present a history indicating that plaintiff failed to honor her deposition
26 commitment on a number of occasions.  Defendants sent plaintiff a letter on November 29, 2011,

suggesting a number of dates for her deposition. She did not respond. On December 8, 2011, defendants served plaintiff with a notice of deposition, scheduling it for January 13, 2012. At this time, defendants propounded their requests for production of documents, responses to which were due by January 13, 2012. On January 11, 2 012, plaintiff called defense counsel and requested that her deposition be rescheduled to January 19, 2012. Defendants agreed to the request and also permitted plaintiff to produce responsive documents by January 19, 2012. On January 13, 2012, plaintiff called defense counsel and again requested rescheduling of her January 19th deposition. Defendants agreed and rescheduled the deposition and production of documents to January 24, 2012. Defendants confirmed the change by letter, warning plaintiff that if she failed to appear and produce documents on January 24th, they would move to compel. On January 23, 2012, plaintiff attempted to reschedule the deposition, but defendants responded the same day that no further extension would be granted. Plaintiff did not appear at her deposition on January 24th and did not produce discovery responses that date.

At hearing, plaintiff claims she was ill on January 23, 2012; however, defense counsel and their staff indicated that none of plaintiff's communications indicated illness as a reason for moving the last deposition until later in the day on the 23rd. Plaintiff also represented at hearing that she has since produced partial discovery to defendants.

At hearing, the parties agreed, and were ordered, to hold plaintiff's deposition at defense counsel's office on February 21, 2012 at 9:00 a.m. No bodyguards or third parties will be permitted. Plaintiff shall produce the remainder of documents responsive to defendants' request for production of documents, and shall provide written responses to defendants' requests, as well as initial disclosures in accordance with Federal Rule of Civil Procedure 26(a). All such written discovery shall be provided to defendants at the deposition.

II. <u>Sanctions</u>

Defendants seek terminating sanctions based on plaintiff's allegedly false statement under penalty of perjury. Preclusion or terminating sanctions are authorized only in

3

1  "extreme circumstances" of violations "due to willfulness, bad faith, or fault of that party." U.S.
2  v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988); see also Commodity Futures Trading
3  Com'n v. Noble Metals Intern., Inc., 67 F.3d 766,770 (9th Cir. 1995) (affirming standard and
4  upholding sanctions in egregious circumstances). The facts do not support a recommendation of
5  dismissal of the case at this time. Plaintiff is warned, however, that such sanctions may be
6  warranted for continuing recalcitrant behavior.

7  Defendants also seek fees and expenses for plaintiff's failure to appear at her
8  deposition and produce documents ($555 in attorneys' fees), as well as fees incurred in bringing
9  the instant motion ($1,665), based on an hourly rate of $185, for a total award of $2,220.
10 Defendants state that the court reporter graciously waived her fee for the January 24th deposition,
11 but defendants have not yet heard from the videographer regarding her fee. Therefore, all
12 requested amounts as of this hearing are for attorneys' fees only.

13 Fed. R. Civ. P. 37(a)(5) provides in part that if the motion to compel is granted
14 "the court must, after giving an opportunity to be heard, require the party...whose conduct
15 necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's
16 reasonable expenses incurred in making the motion, including attorneys' fees. But the court
17 must not order this payment if: (i) the movant filed the motion before attempting in good faith to
18 obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,
19 response, or objection was substantially justified; or (iii) other circumstances make an award of
20 expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

21 The court finds that plaintiff's actions were not substantially justified in this case.
22 Based on her representation of poverty, and pursuant to factor (iii) above however, the payment
23 of sanctions will be deferred pending a plaintiff verdict in this case. If plaintiff is later awarded
24 damages, the sanction of $2,220 will be deducted from the award. If plaintiff does not obtain a
25 damages award, the sanctions award will be vacated.
26 \\\\\

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' motion to compel, filed January 25, 2012, (dkt. no. 25), is granted in part.

2. Plaintiff's deposition is scheduled for February 21, 2012, at 9:00 a.m., at defense counsel's office, in accordance with the deposition notice previously issued. No third parties will be permitted at the deposition. At the deposition, plaintiff shall produce initial disclosures, written responses to defendants' request for production of documents, and the remainder of documents responsive to the request for production. Plaintiff is warned that failure to appear at this deposition and produce requested documents and responses will result in further sanctions, including the dismissal of her case and the possibility of contempt charges.

3. Sanctions are imposed against plaintiff in the amount of $2,220, which will be deferred pending a verdict in this case. If plaintiff prevails, the sanctions will be deducted from the award and be paid to defendants. If plaintiff does not prevail, the sanctions will be vacated.

DATED: February 22, 2012

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/076
Arnold3119.dsy.wpd