IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PENNY ARNOLD,

    Plaintiff,                 No. 2:10-cv-3119 KJM GGH PS

    vs.

COUNTY OF EL DORADO, et al.,

    Defendants.               ORDER

_____/

        Defendants' motion for terminating sanctions is pending before the court. On April 30, 2012, the parties were ordered to submit evidence pertaining to the motion, specifically that defendants were to submit a readable disc containing four videos retrieved from plaintiff's cell phone, and that plaintiff was to submit for *in camera* review documentation pertaining to her financial status. (Dkt. no. 45.) Defendants submitted a readable disc. Plaintiff submitted all documents requested by the order. After reviewing the parties' submissions, the undersigned has determined that further orders are warranted for the following reasons.

        The sanction of dismissal "represent[s] the most severe penalty that can be imposed." U.S. v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988); accord, Valley Engineers v. Electric Engineering Co., 158 F.3d 1051 (9th Cir. 1998). Accordingly, such sanctions are authorized only in "extreme circumstances" for violations "due to willfulness, bad faith, or fault

1

of that party." Kahaluu Const., 857 F.2d at 603; see also Commodity Futures Trading Com'n v. Noble Metals Intern., Inc., 67 F.3d 766,770 (9th Cir. 1995) (affirming standard and upholding sanctions in egregious circumstances).[1]

        First, the undersigned has considered the possibility of misrepresentation to the court with respect to plaintiff's representation at the February 16, 2012 hearing that she was indigent and had no funds when questioned on the matter of sanctions. At plaintiff's deposition, defendants asked and received responses on plaintiff's employment (however difficult to obtain and however obfuscative they were) which indicated that plaintiff was employed. Defendants proffered to the court that because plaintiff was employed she was therefore not sufficiently indigent to have made the representation concerning inability to pay sanctions, i.e., that she made a knowing misrepresentation to the court. However, the fact that one is employed does not necessarily indicate a non-indigent status. Nevertheless, based on the possibility that employment status could have made the indigency representation misleading, plaintiff was ordered to submit financial documentation, including income tax returns, bank account statements, and employment agreements. Plaintiff has complied with that order which had provided her with the opportunity to support her representation of indigent status. A review of the records submitted indicate that plaintiff was not deceptive in her representations to the court regarding her financial status. Therefore, plaintiff's in-court representation regarding her financial situation is not a ground for dismissal of the case.

---

[1] See also, e.g., Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985) ("'Where the drastic sanction of dismissal . . . [is] imposed . . . the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith,'" quoting Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.1981); G-K Properties v. Redevelopment Agency, 577 F.2d 645, 647-48 (9th Cir.1978) (bad faith crucial in Rule 37 dismissal, citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778 (1976)); Henry v. Gill Industries, Inc, 983 F.2d 943, 946, 948-49 (9th Cir.1993) (reviewing Rule 37 dismissal under multiple factors, including willfulness, bad faith or fault); Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (reviewing Rule 37 default judgment pursuant to multiple factors including bad faith); Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir.1990) (same).

1        Second, an evidentiary hearing is necessary in connection with plaintiff's deposition testimony regarding alleged videotaping at the superior court with her cell phone. Plaintiff evasively testified to questions regarding her using a cell phone to videotape in the El Dorado County courthouse, but the essence of what she testified to was a denial of such activity. Defendants have submitted evidence which would indicate that the denial was false. Because the deposition testimony at issue goes to the substance of the case, unlike the collateral to the case matter referenced above, perjury committed on this topic could warrant dismissal.[2] See Combs v. Rockwell Intern. Corp., 927 F.2d 486 (9th Cir. 1991) (materially altered deposition); Pope v. Federal Exp. Corp., 974 F.2d 982 (8th Cir. 1992) (dismissal for perjured testimony); Tesar v. Potter, 2007 WL 2783386 (D.S.C. 2007). However, a dismissal based on a finding that plaintiff did indeed videotape in the courthouse using her cell phone cannot be finally decided in the absence of an evidentiary hearing. This hearing will be scheduled below.

        Third, plaintiff's deposition transcript (and videotape recording) reveal a deposition that was entirely obstructive and evasive in nature on plaintiff's part. Rather than respond to questions in good faith to the best of her ability, plaintiff's tack was to unnecessarily prolong the deposition by feigning confusion on simple, questions. Moreover, her mantra of "I don't recall[s]" strain credulity since the reasonable deponent in plaintiff's situation would surely have recalled the answers to most questions posed.[3]

        Based on plaintiff's utter disregard for the orderly conduct of the discovery process and her flagrant evasiveness and obstructiveness at her deposition, plaintiff will be ordered to submit to another deposition where she will answer questions truthfully and in good

---

[2] As the undersigned understands the facts, the cell phone taping initiated the entire unfortunate encounter with a judge of the Superior Court, and later judicial staff, in regard to the July 16, 2010 incident.

[3] All of this conduct comes on top of the unnecessarily difficult avoidance of the deposition by plaintiff in the first place which necessitated a motion to compel deposition and other discovery.

1  faith. The deposition will take place in the jury room of the undersigned's courtroom, and will
2  be paid for by plaintiff. This further deposition will be held in abeyance, however, pending an
3  evidentiary hearing, which if it results in dismissal, will obviate the need for further deposition.
4        Accordingly, IT IS ORDERED that: An evidentiary hearing is set for July 2, 2012,
5  at 10:00 a.m. in Courtroom #9. Both parties shall present testimony and/or evidence to support
6  their position that plaintiff did or did not take videos with her cell phone on the date at issue in
7  her second amended complaint.
8  DATED: May 17, 2012

          /s/ Gregory G. Hollows
     UNITED STATES MAGISTRATE JUDGE

10  GGH:076:Arnold3119.vac.wpd