IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PENNY ARNOLD,

    Plaintiff,　　　　　　　　　　No. 2:10-cv-3119 KJM GGH PS

    vs.

COUNTY OF EL DORADO, et al.,

    　　　　　　　　　　　　　　　ORDER

    Defendants.

_____/

    On May 31, 2012, plaintiff filed a "motion to object," and a motion to strike. The motion to object is construed as a motion for reconsideration of this court's order of May 17, 2012, setting an evidentiary hearing, and ordering plaintiff to submit to further deposition.[1]

    Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L. R. 230 (j); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (citing Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993)) (reconsideration appropriate for a change in the controlling law, facts, or other circumstances, a need to correct a clear error, or a need to prevent manifest injustice). "After thoughts" or "shifting of ground" are not appropriate bases

---

[1] The order for further deposition was held in abeyance pending the outcome of the evidentiary hearing.

1

for reconsideration. <u>Fay Corp. v. BAT Holdings I, Inc.</u>, 651 F.Supp. 307, 309 (W.D. Wash.1987), aff'd, 896 F.2d 1227 (9th Cir.1990). The standards "reflect[ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." <u>Costello v. United States Government</u>, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991).

   Plaintiff has failed to proffer any facts or argument which would demonstrate an appropriate basis for reconsideration. She claims that she wants her "day in Court" to present her claims, objects to the evidentiary hearing, objects to the admissibility of the disc containing videos allegedly taken by plaintiff with her cell phone in the courthouse, and objects to having her deposition taken again. The May 17th order permitted plaintiff, as well as defendants, to present testimony and evidence at the evidentiary hearing. Plaintiff therefore has the opportunity to have her day in court. The evidentiary hearing is warranted for reasons stated in the order. Plaintiff is advised that this court has not and will not rule on the admissibility of the videos. Such a decision will be made before trial by the district judge. In regard to the court ordered retaking of plaintiff's deposition, the transcript of plaintiff's first deposition fully supports the need for another deposition, for reasons explained in the May 17th order.

   Plaintiff's motion to strike is not appropriately before the court at this time. This motion seeks to strike the disc of videorecordings, the sanction of dismissal of her case, the scheduled evidentiary hearing, and her deposition transcript. As mentioned above, this court is not ruling on the admissibility of the videorecordings. That issue must be decided by the district court at trial. Similarly, the motion to strike plaintiff's deposition transcript, whether in whole or in part, must await trial. For reasons stated in this court's May 17, 2012 order, the evidentiary hearing and potential sanction of dismissal are appropriately before this court. Plaintiff has provided no valid reason why the evidentiary hearing should be vacated. To the extent that she argues that she did not take any videos or was not aware that she had taken videos, such argument must be presented at the evidentiary hearing by testimony or other evidence.

\\\\\

Accordingly, IT IS ORDERED that:

1. Plaintiff's "motion to object," filed May 31, 2012, (dkt. no. 50), is denied.

2. Plaintiff's motion to strike, filed May 31, 2012, (dkt. no 51), is denied.

DATED: June 5, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Arnold3119.rec.wpd